C. C. DIBRELL ET AL. *v.* MARY A. NEELY.

GARNISHMENT.  *Claim for damages.  Compromise.*
Until final judgment in a suit for damages, the defendant is not the plaintiff's debtor liable to garnishment, and may, at the term at which judgment is rendered, defeat the garnishing creditor, by paying an agreed sum to obtain a new trial and extinguish the demand for damages.

APPEAL from the Circuit Court of Chickasaw County.
HON. J. W. BUCHANAN, Judge.
On September 12, 1881, Lewis Bean sued Mary A. Neely for two thousand dollars' damages for breaking and entering his close, and on October 3, 1882, a firm composed of C. C. Dibrell and others, having a judgment in a justice's court for one hundred and twenty-one dollars against Lewis Bean, obtained a writ of garnishment, which was next day served on Mary A. Neely. She answered, on October 9, 1882, that she was not indebted to Lewis Bean. Before service of this writ a judgment for one hundred and fifty dollars was obtained against her in a suit for damages, and at the same term of court, on October 4, 1883, she moved for a new trial, which was granted. The judge granted the new trial because the attorney for Mary A. Neely pressed the motion, while Bean's

lawyer said nothing, but he was not aware of an agreement which existed between the two counselors that the motion should be sustained and then the defendant should pay Bean eighty-one dollars in extinguishment of his claim. Under this agreement, she, however, paid the money after the motion was sustained. Upon this state of facts, the justice's court gave judgment for the garnishee, the circuit court, on appeal, also decided in her favor, and C. C. Dibrell and his partners brought the case to this court.

W. T. Houston, for the appellants.

When judgment was rendered the appellee became liable to garnishment. Gray v. Henby, 1 S. & M. 598; O'Brien v. Liddell, 10 S. & M. 371. Service of the writ effected a legal assignment of Bean's rights in the judgment. Drake on Attachment, §§ 452, 453. From the time of the agreement, which was a liquidation of the damages, the appellee was Bean's debtor, and subject of the garnishment. This agreement was a fraud upon the appellant. Under no circumstances could such an agreement by parol, neither written nor filed, prevent judgment becoming final as to the appellants, whose writ was served and whose rights attached prior to the agreement.

Harper & Baskin, for the appellee.

Until final judgment in the suit of Lewis Bean against Mary A. Neely for damages, she owed him nothing. The damages claimed were unliquidated, and not a debt until assessed by a jury. But the verdict in that case never became final, because during the term a new trial was granted. Undoubtedly the appellee had the right to compromise with Bean, and prevent a debt from ever coming into existence. Unless, therefore, the new trial was fraudulently obtained, the result reached at the garnishment trial was correct. Fraud was a matter for the jury to decide, and the verdict determined that none existed.

CAMPBELL, C. J., delivered the opinion of the court.

Until final judgment in favor of Bean against the appellee on his claim for damages she could not be said to be his debtor, so as to be held as a garnishee. The service of a summons on her as garnishee

could not prevent her from moving for and obtaining a new trial or deprive her of the right to obtain a new trial on any terms she could make with her adversary, and when the judgment was set aside she was not indebted to Bean, and therefore not liable as garnishee. To deny her the right to bargain with Bean as she saw fit, so long as the litigation between them was not finally concluded by judgment against her, would be to prejudice her as a litigant with him by summoning her as garnishee, which is not allowable. Although she agreed to pay a sum of money to extinguish the demand it was for a demand not subject to garnishment when the payment was made. During the term the judgment was subject to be set aside, and until set aside during the term must be regarded as partaking of the nature of the demand on which it was founded.

*Judgment affirmed.*