TRAVELERS' INS. CO. *v.* INMAN.

(Division B. Feb. 17, 1930.)

[126 So. 399. No. 28199.]

(Division B.  June 9, 1930.)

[128 So. 877.]

Brandon & Brandon, of Natchez, for appellant.

**Jones & Stockett,** of Woodville, for appellee.

814

**Brandon & Brandon,** of Natchez, for appellant.

**Jones & Stockett,** of Woodville, for appellee.

Argued orally by **Gerard Brandon,** for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellee was employed by Tibbetts & Tibbetts, nonresidents, as a helper in the work of unloading iron pipes from railroad cars. On the 7th day of July, 1926, while so employed and engaged, appellee was seriously injured at Vidalia, in the state of Louisiana. It is alleged that the injury was the proximate result of the joint negligence of the said employers and of one Ben Morris, another employee of said Tibbetts & Tibbetts. Appellant, the Travelers' Insurance Company of Hartford, Conn., was the insurer of the said employers against liability for injuries to employees, the policy being known as a standard workmen's compensation and employers' liability policy. Appellee and the said Ben Morris were and are residents of Wilkinson county in this state.

On the 11th day of April, 1927, appellee filed his suit by way of an attachment in chancery in the chancery court of said county, making as parties defendant thereto the said Ben Morris, who was personally served with summons in the county, and the said insurance company, which was served through the insurance commissioner, and the said nonresidents Tibbetts & Tibbetts, who were served only by publication, and who have not appeared. The bill of complaint averred the injury, the extent thereof, and the facts constituting the joint negligence aforesaid, and further averred that the said insurance company was indebted to the said nonresident employers. The insurance company answered, denying any indebtedness to the principal defendants, and introduced into the record the insurance policy, claiming that thereunder the liability of the insurance company was only that of indemnity to the insured against any loss or damage actually sustained by said insured by reason of injury to an employee, and that, in any event, no actual, enforceable liability arose until there had been a definitely ascertained and legally fixed liability against the employer, which could only be effectuated by a legal judgment

against the employer in favor of the employee—that up to the time of the rendition of such a judgment the insurance company was not and could not be liable under the policy.

Appellee contends that the policy in question is not one of indemnity against actual loss, but is an insurance against liability, and that the indebtedness thereunder arises as soon as the liability of the insured ''has become legally fixed and established.'' We do not deem it necessary to set out the terms of the policy, but will, for the purposes of this case, accept the interpretation given it by appellee, under which the indebtedness becomes existent as soon as the liability of the employer ''has become legally fixed and established.'' When was this—was it at the very time of the injury or was it when the court found under the facts that the injury was actionable and fixed the amount of the recovery by the entry of judgment? We must answer that, up to the time of judgment, the legal liability was only an undetermined possibility, an inchoate thing, in fieri. It was not an actually existing debt owing at the time of the filing of the suit, which was only a step in the process of making it an established debt. The principle is illustrated in Dibrell v. Neely, 61 Miss. 218.

In the very nature of things, a party may not be made a defendant in an attachment in chancery on the ground that he is indebted to the principal defendant, unless at the time of filing the suit the garnishee-defendant be actually obligated to the principal defendant in an ascertained or ascertainable existing debt—not that he might later become so indebted or that on the future fulfillment of certain contingencies he will be indebted. A fortiori he cannot be made a party as a debtor to the principal defendant when the fact vel non of the garnishee's indebtedness is dependent upon whether the principal defendant shall be adjudged to be indebted to the complainant, which adjudication necessarily must come after the filing of the suit. The principle may be stated by a quota-

tion taken from Blair v. Railroad Co., 76 Miss. 478, 24 So. 879, an attachment in chancery case, in which the court said: "How could the garnishee answer in a case like this, when the question whether it owes anything, and, if anything, what amount, is unknown, and cannot be known till a judgment shall have been rendered in the principal case? The liability here is one that is, in its very nature not subject to garnishment, at law or in equity." So here, whether the insurance company will owe anything, and, if anything, what amount, is unknown, and cannot be known until a judgment shall have been rendered against the principal defendant, or else until the principal defendant, with the approval of the insurer, confesses or agrees both to the liability and to the amount thereof—and there is no sort of claim here that the principal defendant has so agreed.

The language of the statute—and the rule is necessarily the same whether the bill is framed under the statute or the general equity power of the court—is that the garnishee-defendants must be "persons in this state who have in their hands effects of, or are indebted to such nonresident, absent or absconding debtor." The language is in effect that the garnishee-defendant must be at present indebted to the principal defendant, and the term means at the time of filing the bill. The rule is this: The obligation of the garnishee-defendant to the principal defendant, which is made the jurisdictional basis of the attachment in chancery against the nonresident principal defendant, must be an indebtedness owing in præsenti by the said garnishee-defendant to the said nonresident principal defendant, and must be of such a nature that at the time the suit is filed the principal defendant could enforce the said debt against the said garnishee-defendant in a court of competent jurisdiction without regard to, and independently of, complainant's suit or cause of action against the said principal defendant. "It is a general requisite of the right to hold a person as garnishee that, but for the garnish-

ment, defendant would have a right of action against him, for defendant's own use.'' Howell v. Moss Point Furniture Co., 136 Miss. at page 408, 101 So. 559, 560. See, also, Russell v. Clingan, 33 Miss. 535; McNeill v. Roache, 49 Miss. 436; Dibrell v. Neely, 61 Miss. 218.

The alleged indebtedness of the garnishee-defendant, the principal defendant, not being, in this case, of the requisite nature, the court acquired no jurisdiction of the non-resident debtor, the decree against the said non-resident is therefore void, and, this decree being the basis of the decree against appellant, the decree against appellant is likewise void. If we were to hold otherwise, it would be to allow the possibility that every damage suit between employer and employee in every state in the nation could be brought into this state by way of attachment in chancery, so long as employer's liability insurance companies doing business in the various states could be served here.

We have laid aside the fact that the injury occurred in the state of Louisiana; that under the law of that state claims against employers for injuries such as this are governed under definite rules by the Louisiana Workmen's Compensation Act (Act No. 20 of 1914, as amended), that the policy of insurance in this case specifically undertook to insure the employer only under the latter law, and that, without regard to all this, the case was tried and adjudicated in the chancery court in all respects under general principles of liability, and not under said Compensation Law. In connection with this phase of the case, attention is called to the opinion this day delivered in case No. 27995, Floyd v. Vicksburg Cooperage Co. (Miss.), 126 So. 395.

The decree here will be that the original final decrees be reversed as to the appellant insurance company and as to the nonresident defendants, and that as to them the bill will be dismissed. As to the other defendant, Ben Morris: He was not an employer, and the Louisiana Compensation Act therefore does not apply to him. He

has not appealed, and it does not affirmatively appear from the record that a reversal as to the other defendants makes it necessary to reverse also as to him. The chancery court decree, so far as it concerns said Morris, will therefore stand as if affirmed.

Reversed in part, and decree here.

ON SUGGESTION OF ERROR.

**Ethridge, P. J.**, delivered the opinion of the court on suggestion of error.

On the suggestion of error,. for the first time, counsel has called our attention to the provisions of section 23 of the Louisiana Workmen's Compensation Law, as amended and re-enacted by Act No. 85 of 1926, which provides:

"That no policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon, and that this obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. *Such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name,*" etc. (Italics supplied.)

In the case of Wyatt v. Finley, 167 La. 161, 118 So. 874, the supreme court of Louisiana construed the above-quoted act and held thereon that an employer is not a necessary party to an action for compensation for the death of an employee, but that the insurance carrier may be sued directly and individually on its primary obligation, and hence it is not necessary that such compensation should be first awarded or agreed upon in a suit

against an employer before bringing suit against the insurance carrier.

In administering the laws of the state of Louisiana, of course, we are bound by the construction given such laws by the supreme court of Louisiana, and had this case been before us, we would, of course, have followed it.

However, the suggestion of error cannot be sustained entirely, and the judgment affirmed as rendered in the court below, because the complainant, in that court, did not proceed upon the theory now advanced, but proceeded upon a theory that the insurance company owed the employers of the plaintiff. Also, there was a failure to prove the injury and the extent thereof as against the insurance company, and a default pro confesso decree was taken against the employers, Tibbetts & Tibbetts, and this pro confesso decree was offered in evidence against the Travellers' Insurance Company in lieu of the proper proof by witnesses, which would be necessary in a direct proceeding by the complainant against the Travellers' Insurance Company.

We do not apply the rule in this case that, where a party tries a case upon one theory, he will be held to that theory on an appeal, for the reason that the record contains liability for the injury to the complainant by the insurance company, and to apply that rule would be to have the bill dismissed, which would preclude any future action upon such policy.

In the opinion formerly rendered, reference was made to the case of Blair v. R. R. Co., 76 Miss. 478, 24 So. 879. Since that decision the statute has been amended so as to add the following:

"The court shall give a decree in personam against such nonresident, absent or absconding debtor if summons has been personally served upon him. or if he has entered an appearance." Section 307, Hemingway's Code 1927.

See opinion on suggestion of error in case of Branham v. Drew Grocery Co., 145 Miss. 627, 111 So. 155.

Therefore, on a remand of the cause to the court below, the proceedings may be amended as the parties may be advised is necessary, the cause tried and a personal judgment rendered, if proper, against the Travellers' Insurance Company.

The suggestion of error will be sustained in part, and overruled in part.

Sustained in part.