MARTIN *et al. v.* ADAMS MERCANTILE CO.

(In Banc.   January 12, 1948.)

[33 So. (2d) 633.   No. 36512.]

**Welch, Cooper & Welch,** of Laurel, for appellants.

**Gillespie, Minniece & Nettles,** of Meridian, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

This is an attachment in chancery under Section 2729, Code 1942. The bill of complaint alleges that the Adams Mercantile Company, a Wisconsin corporation, and R. G. Werner, a non-resident of the State, are indebted to .the complainants in the sum of $5,000; that the Adams Mercantile Company owns certain described land in Clarke County and prayed that a writ of attachment be issued and levied on this land. The writ prayed for was issued on October 19, 1945, and executed by the sheriff by levying on the land on October 20, 1945, at two o'clock P. M. No lis pendens notice thereof was filed by either the complainants or the sheriff. Publication was made for Adams Mercantile Company, and Werner was personally served with process in Clarke County, Mississippi. Werner appeared and the court sustained a motion by him to

quash the process against him for the reason that when it was served on him he was in Clarke County in attendance on the chancery court of that county as a witness in a case then for trial by that court, and no objection is here made to this action of the court.

The Adams Mercantile Company also appeared and filed a motion to quash the publication for it, and dismiss the suit against it, for two reasons: (1) it was not doing business in this State; and (2) that it does not own the land on which this attachment was levied. This motion was sustained and the suit against the Adams Mercantile Company was also dismissed. There was no answer to this motion, but the appellee proved, we will assume, that it was not doing business in Mississippi, and by the clerk of the chancery court of Clarke County that a deed from it to Cecil Wayne Wilson dated September 4, 1945, to the land here levied on, was filed with him for record "on the 20th day of October, A. D., 1945, at three o'clock P. M." This motion presents no ground for quashing the publication for the Adams Mercantile Company, but simply challenges the jurisdiction of the court to entertain the suit. Whether this question can be properly raised by motion is not challenged by the appellants, but they say the motion constituted such an appearance by Adams Merchantile Company as to subject it to the jurisdiction of the court. An appearance by a defendant, whether special or general, does not admit the jurisdiction of the court and does not bar a defendant from raising that question. This being an attachment in chancery under Section 2729, Code 1942, against a nonresident debtor, whether the appellee was doing business in this State is immaterial. The ground for the attachment being ownership by the debtor of land in this State, the court below was without jurisdiction of the suit unless the land here levied on answers the statute's requirement that the debtor "has lands . . . within this state." Werner Sawmill Co. v. Sheffield, 89 Miss. 12, 42 So. 876.

According to the evidence, when this land was levied on by the sheriff it had been sold prior thereto by the appellee to Cecil Wayne Wilson, but as Wilson had neglected to file his deed thereto for record until after it was levied on by the sheriff, the land was under Section 868, Code 1942, subject to the levy with the same results as if it were still owned by Adams Mercantile Company. Loughridge v. Bowland, 52 Miss. 546. This is all that Section 2729, Code 1942, requires. In other words, pro hac vice, this appellee "has lands . . . within this State."

Neither the failure of the appellants to file a lis pendens notice with the clerk of the chancery court of Clarke County, assuming, for the purpose of the argument, that Section 755, Code 1942, required such, nor the failure of the sheriff to file the notice required by Section 755 of the Code can afford the appellee any comfort for the bona fide purchasers protected by Section 758 of the Code are those who become such after the beginning of the suit or service of the writ.

In the absence of personal service of process on the appellee, or an answer by it to the bill of complaint, no personal judgment can be rendered against it, but the case should be proceeded with as one in rem, and the land sold to satisfy any debt the court may find is due the appellees by Adams Mercantile Company. The decree of the court below dismissing the case as to Adams Mercantile Company, will be reversed and the cause remanded.

Reversed and remanded.