AMERICAN CAS. CO. OF READING, PA. *v.* KINCADE, et al.

Jan. 25, 1954

No. 38939 50 Adv. S. 1 69 So. 2d 820

654

*Holcomb & Curtis, Jack L. Ritter,* Clarksdale, for appellant.

*Roberson, Luckett & Roberson,* Clarksdale, for appellees.

HOLMES, J.

The appellant, American Casualty Company of Reading, Pennsylvania, brought this suit in the County Court of Coahoma County, Mississippi, against the appellees, W. S. Kincade, Mrs. Eva Dunn Kincade, and Robert P. Kincade, d/b/a Delta Construction Company, seeking to recover the principal sum of $1,164.44 on a personal judgment for said amount alleged to have been rendered on May 26, 1950, by the Circuit Court of St. Croix County, State of Wisconsin, in favor of Robert Myers by John D. Heywood, his guardian ad litem, and against the Delta Construction Company, primary liable, and the American Casualty Company, secondary liable.

The declaration alleged the rendition of the judgment and exhibited thereto duly authenticated copies of the judgment and of the record and proceedings therein.

The declaration further alleged that the Delta Construction Company was a partnership composed of the said W. S. Kincade, Mrs. Eva Dunn Kincade, and Robert P. Kincade, and that they had failed and refused to discharge their primary liability under the judgment and that the said American Casualty Company, whose liability thereunder was secondary, had been called upon to pay and had paid the said judgment, and was entitled by right of subrogation to recover of the said Delta Construction Company the sum so paid in the amount of $1,164.44, with interest at the rate of 6% per annum from May 26, 1950.

The defendants, who are the appellees here, answered, denying all liability under the judgment, admitting that they were residents of Clarksdale, Coahoma County, Mississippi, averring that they had never resided in the State of Wisconsin, denying that they had ever been served with process in any of the proceedings upon which said judgment was based, denying that any court, bureau or commission in the State of Wisconsin had ever acquired any jurisdiction over them in any proceeding whatever, averring that the judgment was null and void, and denying that they were or had ever been indebted in any sum to the said Robert Myers acting through John D. Heywood, his guardian ad litem, and denying that they were indebted to the said American Casualty Company for or on account of any matter alleged in the declaration.

The appellant, who was plaintiff below, filed a plea of special matter in avoidance of the answer of defendants, wherein it averred that although the defendants may have never resided in the State of Wisconsin, they engaged in business therein, and were so engaged at all times here involved, and that process was duly had upon the defendants in compliance with the laws of Wisconsin and that the judgment was a valid judgment.

On the trial of the case, the appellant introduced duly authenticated copies of the judgment and of the pro-

ceedings before the Industrial Commission and the Circuit Court of St. Croix County, all of the State of Wisconsin, and rested. Pertinent among these documents were: (1) The petition for appointment of John D. Heywood as guardian ad litem of the said Robert Myers, a minor; (2) order of court appointing guardian ad litem; (3) motion of Robert Myers by John D. Heywood, his guardian ad litem, for summary judgment; (4) affidavit for summary judgment; (5) order of Circuit Court of St. Croix County, Wisconsin, granting summary judgment; (6) judgment of the Circuit Court of St. Croix County, Wisconsin, in favor of the said Robert Myers against the Delta Construction Company, primary liable, and against the American Casualty Company, insurance carrier, secondary liable, for the sum of $1,164.44, dated May 26, 1950; (7) satisfaction of judgment executed by John D. Heywood, guardian ad litem of Robert Myers, a minor, acknowledging payment of the judgment by American Casualty Company; (8) affidavit of Ruth Daley, stating that on the 16th day of February, 1950, she mailed by registered mail notice of hearing before the Industrial Commission of Wisconsin to W. S. Kincade, Mrs. Eva Dunn Kincade, and Robert P. Kincade, co-partners, d/b/a Delta Construction Company, Clarksdale, Mississippi, their last known post office address, and to other parties therein named; (9) copy of notice of hearing dated February 16, 1950; (10) findings and order of the examiner of the Industrial Commission of Wisconsin, dated April 25, 1950, approving allowance of claim; (11) affidavit of Helen E. Gill, Secretary of the Industrial Commission of Wisconsin, reciting that copies of the findings and facts dated April 25, 1950, were mailed by registered mail on April 25, 1950, to Delta Construction Company, Clarksdale, Mississippi, and others therein named.

It appeared from these documents that the claim upon which the judgment of the Circuit Court of St. Croix County, Wisconsin, was based was a claim of the said

Robert Myers for double compensation arising under the workmen's compensation laws of the State of Wisconsin. The claim was allowed by the Industrial Commission, having jurisdiction over the administration of the workmen's compensation laws of Wisconsin. The allowance was in accordance with the following findings of the examiner and his order thereon:

"Now upon the record and the evidence presented, the examiner makes the following

## FINDINGS

"That the applicant sustained accidental, compensable injury in respondent's employ August 14, 1947, while employed at a maximum wage; that primary compensation has been determined and an award was therefore issued February 19, 1948; that said award was based upon agreement of the parties awarding compensation in the sum of $1,164.44; that applicant was born at Chippewa Falls, Wisconsin on August 19, 1930, and was under the age of 18 years at the time of his said injury; that no permit had been issued for applicant's employment by the respondent; that respondent suffered and permitted applicant to work without a permit required by law which was in violation of Section 103.70 of the Statutes; that in accordance with the provisions of Section 102.60, applicant is entitled to a double compensation for disability resulting from his said injury; that since primary compensation is in the amount of $1,164.44, double compensation is due in likewise amount; that liability for such double compensation is primary upon the part of the employer and secondary upon the part of its insurance carrier, the American Casualty Company.

"It is found to be to the best interests of the applicant to have said increased compensation deposited to his credit in the First State Bank of Glenwood, Glenwood City, Wisconsin, subject to the control of the Industrial

Commission of Wisconsin. Attorney fees are determined in the sum of $232.88.

"Now THEREFORE, this

## ORDER

"That within 10 days the respondent, Delta Construction Company and its insurance carrier, American Casualty Company, shall pay to the First State Bank of Glenwood, Glenwood City, Wisconsin for the account of Robert Myers the sum of nine hundred thirty-one and fifty-six one-hundredths dollars ($931.56) and to his attorney, Paul A. Magnatz, the sum of two-hundred thirty-two and eighty-eight one-hundredths dollars ($232.88) as double compensation; that liability for said payment of double compensation shall be primary upon the part of the employer, Delta Construction Company, and secondary upon the part of its insurer, American Casualty Company, as provided by law."

Notice of the hearing before the Industrial Commission mailed to the appellees by registered mail and claimed by the appellant to be in accordance with the provisions of Section 102.17 of the Wisconsin compensation laws, was in the following form:

"NOTICE OF HEARING ON MOTION OF THE INDUSTRIAL COMMISSION OF WISCONSIN

"Robert Myers E88644—10
79 W. Summit Ave.
Apt. 2,
St. Paul 2, Minn.
W. S. Kincade, Mrs. Eva Dunn Kincade and
Robert P. Kincade, co-partners d/b/a
Delta Const. Company, Clarksdale, Miss. (registered)

Secretary of State, Madison, Wis.
Paul A. Magdanz, Atty.
516½ Second Street, Hudson, Wis.

American Casualty Company
735 N. Walter Street, Milwaukee 2, Wis.

Frank L. Morrow, Atty.
Eau Claire, Wisconsin

To the parties above named and to each of them:

You are hereby cited to appear before the Industrial Commission of Wisconsin on the Eighth (8th) day of March, 1950, at One-thirty (1:30) o'clock in the afternoon at the City Hall, Hudson, Wisconsin, to give the commission information in the matter of Robert Myers v. W. S. Kincade, Mrs. Eva Dunn Kincade and Robert P. Kincade, co-partners d/b/a Delta Const. Company.

At this hearing consideration will be given particularly to the following questions:

LIABILITY FOR DOUBLE COMPENSATION IN THE SUM OF $1,164.44 TO BE PAID DIRECTLY BY THE EMPLOYER.

Dated at Madison, Wisconsin, this 16th day of February, A. D. 1950.

INDUSTRIAL COMMISSION OF WISCONSIN.''

Pertinent provisions of the Workmen's Compensation Laws of Wisconsin are the following:

''102.17 Procedure; notice of hearing; witnesses, contempt; testimony, medical examination. (1) (a) Upon the filing with the commission by any party in interest of any application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, it shall mail a copy of such application to all other parties in interest and the insurance carrier shall be deemed a party in interest. The commission may bring in additional parties by service of a copy of the application. The commission shall fix a time for the hearing on such application which shall not be more than 40 days after the filing of such application. The commission shall cause notice of such hearing, to be given to each party interested, by service of such notice on

him personally or by mailing a copy thereof to him at his last known post-office address at least 10 days before such hearing. In case a party in interest is located without the state, and has no post-office address within this state, the copy of the application and copies of all notices shall be filed in the office of the secretary of state and shall also be sent by registered mail to the last known post-office address of such party. Such filing and mailing shall constitute sufficient service, with the same force and effect as if served upon a party located within this state. * * *

"102.20 Judgment on award. Either party may present a certified copy of the award to the circuit court for any county, whereupon said court shall, without notice, render judgment in accordance therewith; such judgment shall have the same effect as though rendered in an action tried and determined by said court, and shall, with like effect, be entered and docketed."

The appellees testified that they had never resided in Wisconsin and had never done any business in that state, and that they had never employed the said Robert Myers and did not know him, and that they had never been served with any process in connection with the proceedings or the award of the Industrial Commission, or the judgment sued on, and had never received any notice thereof. This testimony is wholly undisputed in the record.

At the close of all of the evidence, both sides requested a peremptory instruction. The request of the appellees was refused and the request of the appellant was granted and judgment was accordingly entered for the appellant. On appeal to the Circuit Court of Coahoma County, Mississippi, the judgment of the county court was reversed and judgment rendered in favor of the appellees here.

It is not claimed or contended that any notice of the hearing before the Industrial Commission, or in

connection with the judgment rendered in the Circuit Court of St. Croix County, Wisconsin, in accordance with the award, was sought or attempted to be given other than as provided in Section 102.17 of the Wisconsin Workmen's Compensation laws. The question is here presented whether the judgment sued on is entitled to full faith and credit in this state under Section 1, Article IV of the Constitution of the United States, or whether to hold the appellees bound by the judgment would be a denial to them of due process as guaranteed to them under the fifth and fourteenth amendments to the Constitution of the United States. We have reached the conclusion that the substituted service attempted in this case is not such as entitles the judgment to full faith and credit in this state and that to hold the judgment binding upon the appellees would be to deny to them due process, in view of the proof which establishes without dispute that the appellees never lived in Wisconsin and never engaged in any business activity in that state.

It is well settled under the decisions of this State that records and proceedings of courts of other states are entitled to full faith and credit only in so far as such courts have jurisdiction of the subject matter and the parties, and facts necessary to give jurisdiction to the court rendering the judgment may be inquired into. Hopkins v. Hopkins, 174 Miss. 643, 165 So. 414. The following principle set forth in 16 C. J. S., page 1246, is equally well recognized: "Due process of law recognizes personal service to support a personal judgment and when the proceeding is strictly in personam brought to determine the personal rights and obligations of the parties, personal service within the state or a voluntary appearance in the case is essential to the acquisition of jurisdiction so as to constitute compliance with the constitutional requirement of due process."

Other principles well recognized are set forth in the case of Pennoyer v. Neff, 95 U. S. 714, as follows:

''The authority of every tribunal is necessarily restricted by the territorial limits of the state in which it is established. * * * Every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory. * * * No state can exercise direct jurisdiction and authority over persons or property without its territory. * * *.''

Further the opinion in the case of Pennoyer v. Neff, supra, says: ''Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale. Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem. But where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service in this form upon a non-resident is ineffectual for any purpose. Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the State where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the State, and process

published within it, are equally unavailing in proceedings to establish his personal liability."

The principles announced in the case of Pennoyer v. Neff, supra, wherein the facts showed that the defendant was not engaged in business in the state where the judgment was rendered have not been disturbed. However, a distinction was made in the case of International Shoe Company v. Washington, 326 U. S. 310, wherein it was sought to subject to the jurisdiction of the court one who had rendered himself amenable to the laws of the foreign state by engaging in business therein. The Court said:

"But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' * * * 'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given."

In Travelers Health Association v. Virginia, 339 U. S. 643, it was likewise held that service of process on the defendants by mail did not violate the requirements of due process where the defendant was shown to be carrying on activities and doing business in the state where the judgment was rendered. This Court, in the case of Davis-Wood Lumber Company v. Ladner, 210 Miss. 863, 50 So. 2d 615, has subscribed to the principles announced in the case of International Shoe Co. v. Washington, supra, and Travelers Health Association v. Virginia, supra, in holding that by substituted service of process jurisdiction may be acquired over the person of a non-

resident where such non-resident has rendered himself
amenable to the laws of the foreign state by engaging in
business therein. To the same effect is Condon, et al. v.
Snipes, 205 Miss. 306, 38 So. 2d 752. The appellant relies
upon the case of Davis-Wood Lumber Company v. Lad-
ner, supra, as being decisive of the case at bar,. but the
clear distinction is that in the case at bar the undisputed
evidence shows that the appellees were never engaged in
any sort of activity or business in the State of Wiscon-
sin. It is argued by the appellant that the decision of
the county court is the equivalent of a finding that the
appellees were engaged in business in the State of Wis-
consin. This argument would be sound if the evidence
was conflicting on the issue as to whether or not they
engaged in business in Wisconsin. There is, however, no
conflict in the evidence. The proof shows affirmatively
and without contradiction that appellees were never en-
gaged in business in the State of Wisconsin and had
never resided therein, and hence had never rendered
themselves amenable to the laws of the State of Wiscon-
sin. We need not analyze the many cases cited by coun-
sel on both sides. The authorities herein referred to
amply sustain the principle that in actions in personam
substituted process is unavailing to summon a party
without the State to answer a proceeding to establish his
personal liability where there is no showing that such
party had ever rendered himself amenable to the laws
of the State wherein the action was pending.

■■■ The proceedings culminating in the judgment
rendered by the Circuit Court of St. Croix County, Wis-
consin, were proceedings in personam and the judgment
rendered was a personal judgment. Appellants were not
residents of Wisconsin and the undisputed proof shows
that they had never engaged in business therein. The
only notice claimed to have been given the appellees of
the proceedings before the Industrial Commission of
Wisconsin was that provided in Section 102.17 of the

Wisconsin compensation laws. The appellees had not rendered themselves amenable to the laws of Wisconsin by engaging in any sort of business or business activity in said state and it is our opinion, therefore, that the form of process resorted to in this case was insufficient to vest in the Industrial Commission or the Circuit Court of St. Croix County, State of Wisconsin, jurisdiction of the appellees. It accordingly follows that the judgment sued on is not entitled to full faith and credit in this state and that to hold the appellees bound by the judgment would violate the constitutional requirements of due process.

 We have carefully considered the contention of appellant that the assignment of errors filed by the appellees on the appeal to the Circuit Court of Coahoma County, Mississippi, was insufficient, but we do not agree with this contention. The assignment that the county court erred in denying the request of the appellees for a peremptory and in granting the appellant's request for a peremptory amply brought into review the contention of the appellees that the judgment is invalid because in violation of the constitutional requirements of due process.

The conclusion which we have reached renders unnecessary any discussion of other contentions made by the respective parties. The judgment of the court below is accordingly affirmed.

Affirmed.

*Roberds, P. J.*, and *Hall, Kyle* and *Arrington, JJ.*, concur.