ALABAMA, TENNESSEE & NORTHERN RAILROAD COMPANY, et al. *v.* HOWELL

Nos. 42303, 42362          May 21, 1962          141 So. 2d 242

158

*Bolton* & *Doty*, Tupelo, for appellants.

*Strong* & *Smith*, Louisville; *Crawley, Brooks* & *Guy-ton*, Kosciusko, for appellees.

ARRINGTON, J.

This is an appeal from a decree of the Chancery Court of Winston County overruling the appellant's motion to dismiss for want of jurisdiction. On motion, the two cases were consolidated by this Court.

This suit is an attachment in chancery under Section 2729, Code of 1942, brought by the complainant-appellee, Homer Arnold Howell, a resident citizen of Alabama, to recover damages from the Alabama, Tennessee & Northern Railroad Company, an Alabama corporation, for personal injuries received as a result of a crossing accident in Alabama, and to attach funds or property in the hands of the Gulf, Mobile & Ohio Railroad Company, a Mississippi corporation, which operates a railroad line in and through Winston County, Mississippi.

The record herein discloses that process was served on H. C. Bitner, alleged agent or superintendent of the A. T. & N. at Amory, Mississippi. Thereupon the nonresident defendant railroad filed a motion in the Chancery Court of Winston County to dismiss the cause for want of jurisdiction, charging that said defendant was a nonresident of the State of Mississippi, was not doing business in the State, and that H. C. Bitner was not such an agent of defendant upon whom process could be served that would be binding on the defendant railroad company, and any judgment rendered would violate the due process clause of the United States Constitution.

The evidence shows that the appellant A. T. & N. R. R. Company's line is in Alabama and runs from Mobile to Reform, and operates only in Alabama; that it operates no trains in Mississippi, owns no property and does no business in Mississippi; that H. C. Bitner was designated as a superintendent and was supervisor of the train operations in Alabama; that he was employed by the St. Louis-San Francisco Railway Company; he was paid by it and received no salary from the A.T. & N. R.R. Company; that in the offices at Amory the A.T. & N. R.R. Company also had a chief dispatcher employed and paid by the St. Louis-San Francisco Railway Company who issued orders for the operation of all trains over the appellant's line in Alabama, and that the dispatcher was under the supervision and control of Mr. Bitner. The record further discloses that the appellant railroad company had an assistant superintendent at York, Alabama, who made up the orders for the running of the trains and telephoned them to the dispatcher at Amory. Such orders were then relayed by him back to the employees of the defendant railroad company. It was also shown that the records of the operations of the trains and other records were kept in the office at Amory, Mississippi. A number of these

records were introduced in evidence, one of which showed that Bitner made the report of the crossing accident to the Alabama Public Service Commission. There was also introduced in evidence the official railroad guide, which revealed that Mr. Bitner was listed in it as superintendent of the A. T. & N. R. R. Company and showed his office to be at Amory, Mississippi.

A Mr. Christian, who succeeded Mr. Bitner when the latter was transferred, testified that he performed the same duties as formerly done by Mr. Bitner. His testimony was that the appellant railroad company did no business in Mississippi, made no contracts, and that all its employees lived and worked in Alabama.

The above facts are not in dispute. Summing up, the record shows that Bitner had supervisory authority over the employees and the operation of the appellant's railroad line in Alabama. We are of the opinion that the A. T. & N. R.R. Company was not doing business in Mississippi, but that its business activities were confined to the State of Alabama; and that the process upon Bitner was not effective to acquire territorial jurisdiction of the nonresident defendant. Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So. 2d 351, and authorities there cited; Knower, et al v. Baldwin, 195 Miss. 166, 15 So. 2d 47.

The appellant argues that the Chancery Court of Winston County had no jurisdiction of this cause for the reason that the defendant railroad company was alleged to be a foreign corporation in the bill of complaint, and that as a foreign corporation it could only be sued if found doing business in this State under Section 5345, Code of 1942, and process had in the manner provided by Section 5346, Code of 1942, which provides process to be served on an agent in the county where the suit is brought. See McCoy v. Watson, 153 Miss. 416, 121 So. 116.

The appellee, although contending that the facts in this case clearly show the appellant was doing business in the State of Mississippi as charged in the bill of complaint, also contends that it is immaterial whether or not the defendant railroad was doing business in Mississippi, and relies in part on Section 1866, Code of 1942, which provides:

". . . . . In suits against railroads, sleeping-car, telegraph, telephone, express, steamboat, and insurance companies or corporations, or in suits against a receiver or receivers in charge of the property of any such companies or corporations, the process may be served on any agent of the defendant or sent to any county in which the office or principal place of business may be located, and there served as herein directed and authorized; or may be served on any one of the foregoing officers of such corporation or company, and upon the secretary, cashier, treasurer, clerk, depot agent, attorney or any other officer or agent of such receiver or receivers, or upon them in person. When any writ or process against such corporation, company, receiver or receivers has been returned executed, the defendant or defendants shall be considered in court, and the action shall proceed as actions against natural persons; and all process and notices to be served upon such companies, corporations, or receivers may be served as herein directed."

This statute presupposes a doing of business in Mississippi. This presents the following question: If a foreign corporation is not doing business in Mississippi, is it suable in this State? In the case of Arnett, et al. v. Carroll C. & Fred R. Smith, Inc., et al., 165 Miss. 53, 145 So. 638, the Court said:

"By virtue of Section 4166 (Sec. 5345, Code of 1942), foreign corporations are subject to suit in this State only when 'found doing business in the State,' and therefore as against the appellant corporation the Circuit Court

of Lee County was without territorial jurisdiction of the cause of action."

In the case of First National Bank of St. Louis v. Mississippi Cottonseed Products Co., 171 Miss. 282, 157 So. 349, the Court said:

"The appearance of the defendant in the case at bar could not operate, under Section 173, Code of 1930, as a personal appearance. Independent of the statute, under the circumstances of this case, there was no territorial jurisdiction of the nonresident national bank, and its motion to quash, as we have seen, did not constitute a general appearance, as there is no contention that the defendant here was a nonresident corporation doing business within this state. The jurisdiction conferred upon courts by section 4166, Code of 1930, only embraces foreign corporations doing business in this state. This corporation was not so doing, and therefore the court below was without territorial jurisdiction. If this be true, then the nonresident corporation, the First National Bank of St. Louis, did not, by pleading the want of jurisdiction, waive the point it sought to establish. See Arnett v. Carol C. & F. R. Smith, Inc., 165 Miss. 53, 145 So. 638, where this court held that the court was without jurisdiction because the defendant was served with process at a time when it was immune therefrom, and further that there was no territorial jurisdiction of the defendant, and that such a foreign corporation sued did not, by moving to quash the process and pleading in abatement, and by claiming its immunity from the process, waive the court's lack of territorial jurisdiction."

In Knower v. Baldwin, supra, with reference to foreign corporations doing business in the State, the Court said: "Unless, therefore, the Helbrose Watch Company was found doing business in this state, it is not here suable."

In the case of Philadelphia & Reading Railway Co. v. McKibbin, 61 L. Ed. 710, the Court said: "A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state, the process will be valid only if served upon some authorized agent. St. Louis Southwestern R. Co. v. Alexander, 227 U. S. 218, 226, 57 L. ed. 486, 488, 33 Sup. Ct. Rep. 245, Ann. Cas. 1915B, 77. Whether the corporation was doing business within the state, and whether the person served was an authorized agent, are questions vital to the jurisdiction of the court. A decision of the lower court on either question, if duly challenged, is subject to review in this court; and the review extends to findings of fact as well as to conclusions of law. Herndon-Carter Co. v. James N. Norris & Co., 224 U. S. 496, 56 L. ed. 857, 32 Sup. Ct. Rep. 550; Wetmore v. Rymer, 169 U. S. 115, 42 L. ed. 682, 18 Sup. Ct. Rep. 293. The main question presented here is whether the plaintiff in error—defendant below—was doing business in New York."

The appellee cites the case of Martin, et al. v. Adams Mercantile Co., 203 Miss. 177, 33 So. 2d 633, which was an attachment in chancery under Section 2729, supra. There the Court said:

"An appearance by a defendant, whether special or general, does not admit the jurisdiction of the court and does not bar a defendant from raising that question. This being an attachment in chancery under Section 2729, Code 1942, against a nonresident debtor, whether the appellee was doing business in this State is immaterial. The ground for the attachment being ownership by the debtor of land in this State, the court below was without jurisdiction of the suit unless the land

here levied on answers the statute's requirement that the debtor 'has lands . . . within this state.' "

In concluding, the Court further said: "In the absence of personal service of process on the appellee, or an answer by it to the bill of complaint, no personal judgment can be rendered against it, but the case should be proceeded with as one in rem, and the land sold to satisfy any debt the court may find is due the appellees by Adams Mercantile Company."

This case is no authority to support the appellee's contention.

■■ In the case at bar, we hold that an action *in rem* is maintainable against the appellant, A. T. & N. R.R. Company, if process is completed by publication, but that since appellant is not doing business in this State no personal judgment can be rendered against it in this suit unless it enters it's appearance.

■■ Under the authorities cited, we are of the opinion that any judgment obtained under the process against the appellant-nonresident defendant would violate due process of law contrary to Section 1 of Article 14 of the Constitution of the United States. American Casualty Company of Reading Pa. v. Kincade, 219 Miss. 653, 69 So. 2d 820.

The G. M. & O. R.R. Company answered admitted an indebtedness due by it to the A. T. & N. R. R. Company. However, the appellee did not get process by publication of summons on the nonresident defendant as required by Section 2733, Code of 1942, but relied solely on the attempted personal service executed on Bitner.

The chancery court was in error in overruling the appellant's motion to dismiss for want of jurisdiction and, therefore, the decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

All Justices concur.