BRADY, Justice:
This is an appeal from the Chancery Court of Jackson County, Mississippi, wherein the chancellor sustained general demurrers filed by the appellees together with motions to quash the attachments and dismiss the bills for lack of jurisdiction. On motion of the .appellants,, complainants below, authority to appeal to this Court with supersedeas was granted. The appellants initially were John W. McGrath Corporation and four other stevedore corporations and “Fribexport” Agricultural Export Corporation. They had filed individual suits of attachment in chancery court. After permission was granted to appeal, the cases were consolidated by order of this Court.
The basic facts in the complaint filed on behalf of McGrath Corporation, et al., hereinafter called McGrath, averred that Vera Cruz, a foreign corporation, was indebted to it in the amount of $182,694.97 for “stevedoring and other services.” The bill on the part of “Fribexport” averred that Vera Cruz was indebted to it in the amount of $14,550.32 due to an alleged violation of a charter party by Vera Cruz. In all other respects the bills of complaint are identical, each averring that Ingalls Shipbuilding, a division of Litton’s System, Inc., hereinafter called Ingalls, was indebted to Vera Cruz in an unknown amount by reason of a judgment entered by the United States District Court for the Southern District of Mississippi, Southern Division. The pertinent part of the judgment is as follows:
ORDERED, ADJUDGED AND DECREED that Plaintiffs and Third-Party Defendant and counter-claimant Vera Cruz Cia. Naviera, S. A. recover of and from Defendant Ingalls Shipbuilding Division of Litton Systems, Inc. their losses and damages, sustained by them as a result of the collision of the M/V STELLA MARIS with Ingalls’ No. 1 way on June 5, 1969, plus interest at six percent per annum from the date hereof and Ingalls must reimburse them for any contributions they may be called upon to make in General Average and/or salvage, plus interest at six percent per annum fom the date hereof, together with costs, and that if within (30) days after the adjustment of General Average has been completed the parties have not stipulated the computation of damages, Plaintiffs and Vera Cruz Cia. Na-viera, S. A. may apply to the Court to set a date for trial on the question of damages. * * *
Appellants’ bill of complaint for attachment in chancery is based upon Mississippi Code 1942 Annotated section 2733 (1956) insofar as the appellee Vera Cruz is concerned. Insofar as Ingalls is concerned, appellants’ bill for attachment is based .upon Mississippi Code 1942 Annotated section 2729 (1956).
However, in their brief, appellants state there is one simple issue before this Court and that is simply whether or not the judgment rendered by the United States District Court against the appellant Ingalls in favor of Vera Cruz is subject to attachment under Mississippi Code 1942 Annotated section 2730 (1956).
Although the appellants assign three errors, they argue only two. The first error urged is that the chancellor erred in dismissing this cause for the reason that the judgment rendered against Ingalls in the United States District Court for the Southern District of Mississippi in favor of Vera *507 Cruz Cia., Naviera, S. A. was not subject to attachment under Mississippi Code 1942 Annotated section 2729 (1956). In support of the error urged, appellants point out that it is rare in American Jurisprudence that when a judgment as to liability is entered in a court, the damages cannot be immediately determined because of a problem in calculation. Appellants urge that this is true in the case at bar and assert that there are no Mississippi cases directly in point. Nevertheless, appellants urge that the case of American National Insurance Co. v. United States Fidelity & Guaranty Co., 215 So.2d 245 (Miss.1968), should be controlling on the issue before this Court. Appellants urge that the law as it has been determined in Mississippi is traced in detail in that case.
Appellants further urge that our garnishment statutes and attachment statutes are so closely related as laid down in American National Insurance Co. v. United States Fidelity & Guaranty Co., supra, that they can be applied to attachments in chancery. Appellants accurately state that attachment in chancery is a statutory proceeding in derogation of common law and therefore must be strictly followed. Rankin v. Dulaney, 43 Miss. 197 (1870). However, this Court has held that this must be construed liberally for the benefit of creditors and for the advancement of justice and the suppression of fraud. Bank of Augusta v. Conrey, 28 Miss. 667 (1855); Bryan v. Lashley, 13 S. & M., 21 Miss. 284 (1850); Dandridge v. Stevens, 12 S. & M., 20 Miss. 723 (1849).
Appellants itrge that they are favored under the law and that the appellee Vera Cruz is the debtor seeking to avoid payment. The gravamen of appellants’ contention is that the judgment obtained in the Federal Court clearly establishes the liability of appellee Ingalls to Vera Cruz and that the amount under the judgment was to be determined by “General Average,” which is a procedure under Maritime law for determining the amount of damage due to claimants for losses ex delicto to ship cargo, freight or other interests and the possible settlement thereof. Appellants contend further that when the exact amount has been determined by general average and the parties could not agree thereto that the court would determine by trial the amount of damages due by appellants.
Relying upon American National Insurance Co. v. United States Fidelity & Guaranty Co., supra, appellants urge that there is no contingency or question as to the appellees’ liability, the only contingency being the amount of damages to be awarded. In American National Insurance Co. v. United States Fidelity & Guaranty Co., supra, the basis of appellants’ assertions is to be found in 38 C.J.S. Garnishment § 87 (1943), cited therein. In that case garnishment proceedings were brought by the principal’s fidelity insurer against the agent’s fidelity insurer. A judgment was entered in the circuit court in favor of the agent’s insurer and the principal’s insurer appealed. As reflected in the synopsis, this Court held that the insurer which had insured the loan agent from loss was liable to the insurer which had insured the principal against loss of money sustained through the acts committéd by a loan agent and which was entitled to subrogation to principal’s judgment against the loan agent for the amount of the loan collections the agent’s employee had misappropriated.
This Court reversed the lower court and rendered judgment for the garnishor. We pointed out in that case that a debtor’s claim which is uncertain or contingent in the sense that it may never become due and payable is not garnishable' and we cited Mississippi Code 1942 Annotated section 2783 (1956). We pointed out that that section of the code did not permit an un-liquidated tort liability for damages to be subject to garnishment. We pointed out further, however, in that case that where the claim against the garnishee is certain as to liability but contingent as to the amount and where the amount is capable of definite ascertainment that the claim is *508 garnishable under said section 2783. We said specifically:
On the other hand, where there is no contingency as to the garnishee’s liability, the only contingency being as to the amount of it, and where the amount of liability is capable of definite ascertainment, there is no such contingency to prevent garnishment of the claim. 38 C.J.S. Garnishment § 87 (1943). The amount of the debt must either be ascertained or capable of ascertainment by calculation or computation. Id. § 89. Accordingly, various types of insurance policies have been recognized as subject to garnishment. Nationwide Mutual Ins. Co. v. Tillman, 249 Miss. 141, 161 So.2d 604 (1964) (automobile liability); Commercial Casualty Ins. Co. v. Skinner, 190 Miss. 533, 1 So.2d 225 (1941) (public carrier’s liability) * * *. Thus, there is no reason why in a proper case the proceeds of an employees’ fidelity bond would not be subject to garnishment. (215 So.2d at 248).
Appellees to the contrary vigorously assert that the judgment of the United States District Court shows on its face that it is only an interlocutory judgment; that it merely establishes the liability of appellant Ingalls to appellee Vera Cruz for damages sustained because of the collision. Appel-lees expressly point out that the judgment does not pretend to determine or assess the amount of damages, if any, sustained by the appellee because of the tort; that the judgment itself specifically provides:
* * * that if within thirty (30) days after the adjustment of General Average has been completed the parties have not stipulated the computation of damages, plaintiffs and Vera Cruz Cia., Naviera, S. A. may apply to the court to set a date for trial on the question of damages

Appellees urge that since the judgment shows on its face that the amount of damages has not been determined, therefore the judgment is an unliquidated claim for damages arising out of a tort and that the rule which has been in existence in this state since 1898 as announced in Blair v. Kansas City, M & B Railroad, 76 Miss. 478, 24 So. 879 (1898) is determinative of the issue at bar. In that case the complainant sought to reach the unliquidated claim for damages of the non-resident defendants growing out of a tort by attachment in chancery. We held in that case that the claim for unliquidated damages could not be reached and, in doing so, asked this question:
How could the garnishee answer in a case like this, when the question whether it owes anything, and if anything, what amount, is unknown, and cannot be known till a judgment shall have been rendered in the principal case? The liability here is one that is, in its very nature, not subject to garnishment, at law or in equity. (76 Miss. at 486, 24 So. at 879.)
Appellees contend that the decision in the Blair case, decided in 1898, and which was followed in Craig v. Gaddis, 171 Miss. 379, 157 So. 684, 95 A.L.R. 1494 (1934) is controlling. Appellees also urge that in the case of American National Insurance Company v. United States Fidelity & Guaranty Company, supra, the Court reiterated the above rule and that the appellants are attempting to attach on a judgment a non-liquidated amount for damages arising out of tort and that this simply cannot be done. Paradoxically, both the appellants and the appellees submit that the case of American National Insurance Company v. United States Fidelity & Guaranty Company, supra, controls. However, appellees go further and state that the case of Travelers Insurance Company v. Inman, 157 Miss. 810, 126 So. 399 (1930), sug. of error sustained in part and overruled in part, 157 Miss. 811, 128 So. 877 (1930), also supports the contention of the appellees for the reason that we held in that case that unless at the time of the filing of the suit the resident defendant is actually obligated to the non-resident defendant for an existing debt, the defendant could not be attached in chancery on the grounds of indebtedness to the principal. It is not sufficient that he might later become *509 so indebted but it must be a present debt. That case is distinguishable from the case at bar in that in the case at bar we have a judgment and the liability of the appellants is fixed though the amount thereof is not determined at this time. It should be noted that in Travelers Insurance Company v. Inman, supra, we pointed out:
We do not deem it necessary to set out the terms of the policy, but will, for the purposes of this case, accept the interpretation given it by appellee, under which the indebtedness becomes existent as soon as the liability of the employer “has become legally fixed and established.” When was this — was it at the very time of the injury or was it when the court found under the facts that the injury was actionable and fixed the amount of recovery by entry of judgment? We must answer that, up to the time of judgment, the legal liability was only an undetermined possibility, an inchoate thing, in fieri. It was not an actually existing debt owing at the time of the filing of the suit, which was only a step in the process of making it an established debt. (157 Miss. at 817, 126 So. at 400.)
We have in the case at bar an existing debt by appellee Ingalls owed to appellee Vera Cruz.
The case at bar can be clearly distinguished from Blair v. Kansas City, M & B Railroad, supra, in that in the case at bar a judgment has been rendered while in the Blair case no judgment had been rendered. It was pointed out in American National Insurance Company v. United States Fidelity & Guaranty Company, supra, as follows:
On the other hand, where there is no contingency as to the garnishee’s liability, the only contingency being the amount of it, and where the amount is capable of definite ascertainment, there is no such contingency to prevent garnishment of the claim. * * * The amount of the debt must either be ascertained or capable of ascertainment by calculation or computation. (215 So.2d at 248.)
In the case at bar there is no contingency as to appellee Ingalls’ liability. The judgment of the United States District Court concludes any issue as to the garnishee’s liability. The only contingency which has not been determined by the United States District Court is the amount of this liability and that liability is now or will be in the process of being determined by means of general average. This amount is capable of definite ascertainment if agreed upon by all litigants by means of general average. If not, then it can be determined by suit in the United States District Court where the original judgment was entered and therefore the amount of liability is certainly capable of definite ascertainment. What is tantamount to calculation or computation can be obtained in general average or it can be found by a compromise and settlement agreement between the parties which is a valuable right and which was pointed out as such in Dibrell v. Neely, 61 Miss. 218 (1883), wherein we said:
To deny her [garnishee] the right to bargain with Bean as she saw fit, so long as the litigation between them was not finally concluded by judgment against her, would be to prejudice her as a litigant with him by summoning her as a garnishee, which is not allowable. (61 Miss. at 220.)
If the amount cannot be ascertained by these two methods of calculation and computation, then a jury in the United States District Court can calculate and fix the amount.
The intent of this Court never to invade the province of the legislature is evidenced by the decisions which have been rendered wherein we have consistently refused and declined to do so. We still are of the same mind and we do not by this decision reverse Blair v. Kansas City, M & B Railroad, supra, Craig v. Gaddis, supra, or Travelers Insurance Company v. Inman, supra. When most of these cases were decided, the field of tort liability was considerably restricted in this country and in this state. The advent of the automobile and the industrial revolution which *510 has taken place in this country has enlarged enormously the field of tort liability. The legislature had and has full knowledge of this marked increase in the field of torts and felt that the present existing laws were sufficient to provide legal redress by means of garnishment and attachment. Under the rule as announced in American National Insurance Company v. United States Fidelity & Guaranty Company, supra, sections 4-6 of our opinion, we hold that there was no contingency sufficient to prevent garnishment of the claim. The law is not a static, inexorable, unadjustable force which cannot be construed to relate to existing conditions beyond the date of its enactment by the legislature. It is a vibrant, living, self-governing maintenance means. Though it is not a panacea for all of our problems, it can and should operate justly and fairly to resolve the inevitable conflicts which arise where human endeavor is involved.
In the Blair case, supra, cited by the appellees, we find this remarkable language which, while not strictly applicable here, the attorney for the appellants in that case observed:
When will our chancery court and our bar cut loose from the influence of the registra brevium of the common law, and follow the far more enlightened and civilized judicial conduct of the Roman praetors? This is a day of advancement, and why should there not be, if necessary for wise and just purposes, an advancement in the law? At least a fuller development and a more liberal application of its fundamental maxims ? Nothing can stop the United States in their career of expansion. The decree has gone forth. Let not the future historian be compelled to write of the law of the present day, as has been written of the common law of the past, by the most enlightened commentators, that it was a narrow and barbarous code, but the glorious handmaid of our great government in its work of freedom, independence and humanity. (76 Miss, at 483.)
We hold, therefore, that the chancery court erred in sustaining the general demurrers and the chancery court should have taken the case under consideration and continued the cause until general average had determined the amount, or the litigants had compromised and agreed upon the amount, or the United States District Court had fixed the amount.
Insofar as the second issue is concerned, whether or not Vera Cruz entered a special or a general appearance in the chancery court, we hold that only a special appearance was made by the appellee Vera Cruz, which answered and said that it had no assets in the State of Mississippi and particularly no assets in Jackson County where the suit was instituted. The ap-pellee Vera Cruz denied that the chancery court had any jurisdiction and could not obtain any jurisdiction over the appellees and that under the rule in Martin v. Adams Mercantile Company, 203 Miss. 177, 33 So. 2d 633 (1948), the appellees had a right to make the special appearance to contest the jurisdiction and they were not barred from doing so by pleading specially. Appellees’ contention is well founded that the jurisdiction is purely statutory and since Vera Cruz was summoned by publication the court may not enter a decree in personam against Vera Cruz.
The most recent decision concerning this issue is the case of Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964), which held in substance that a special appearance can be made as was made here without conferring general jurisdiction.
For the foregoing reasons, the case is reversed and remanded to the chancery court to be held by that court until such time as the proper order can be entered fixing the amount of the indebtedness due from appellee Ingalls to appellee Vera Cruz.
Reversed and remanded.
GILLESPIE, C. J., and JONES, SMITH and SUGG, JJ-, concur.