**Dorothy FARRIER, Plaintiff,**

**v.**

**MAY DEPARTMENT STORES COMPANY, INC. t/a the Hecht Company, Defendant.**

**Civ. A. No. 1612-71.**

United States District Court,
District of Columbia.
April 19, 1973.

Jack H. Olender, Washington, D. C., for plaintiff.

Thomas H. McGrail, Washington, D. C., for defendant.

### MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

On August 11, 1971, the plaintiff, a citizen of the State of California and a resident of Virginia, filed a complaint against the defendant corporation which was engaged in business both in the states of Virginia and the District of Columbia and incorporated under the law of New York. She alleged that on December 24, 1968, while in the defendant's store located in Arlington, Virginia, certain bodily injuries were sustained in a fall caused by the defendant's negligence. The defendant moved to dismiss the complaint asserting that the Virginia statute of limitations, which is alleged to be applicable in this case, bars personal injury actions which are not brought within two years.[1] The plaintiff responded that in negligence actions brought in the District of Columbia, the three year statute of limitations of the forum is controlling.[2] The question for decision is whether, in this tort action, to apply the Virginia or the District of Columbia statute of limitations.

In the District of Columbia conflict of laws problems are governed by the state "interest analysis" approach in which the relationship of each jurisdiction to the controversy is determined and the interest of each in the application of its own rule of law is evaluated. Mazza v. Mazza, 475 F.2d 385 (D.C.Cir., 1973). Particularly in the area of tort law, this approach has been extended to such issues as the limitation on damages in wrongful death actions, Tramontana v. S. A. Empresa De Viacao Aerea Rio Grandense, 121 U.S.App.D.C. 338, 350 F.2d 468, 471 (1965), and intra-family tort immunity, Emmert v. United States,

300 F.Supp. 45, 49 (D.D.C.1969). There is no reason why the *lex fori* rule of Bell v. Kelly Motor Lines, Inc., 95 F. Supp. 682 (D.D.C.1951) should not similarly be superseded by the interest analysis doctrine in tort cases where there are conflicts between statutes of limitations.

The purpose of both the Virginia and District of Columbia statutes of limitations is to protect domiciliaries from the prosecution of stale claims. This purpose would be served in this case only by an application of the Virginia statute. The District of Columbia has no relation to the plaintiff, a Virginia resident, and no person or property in the District of Columbia has been adversely affected by the alleged act of negligence which occurred in Virginia. Nor are the two and the three year periods of the Virginia and the District of Columbia statutes, respectively, so disparate that application of the Virginia law would violate a strong public policy of this forum. Thus there is no interest of the District of Columbia which compels the application of its statute. Virginia is the only jurisdiction whose interests would be served by the application of its law. Furthermore, to permit a plaintiff who is barred from bringing an action in the state where she and the defendant reside, and where the tort took place, to bring an action in any forum whose statute of limitations would allow the suit would thwart any reasonable expectations of the parties as to the applicable law and would encourage the practice of "forum shopping." For these reasons the Virginia statute of limitations will be applied and the plaintiff's claim, which was not filed within the statutory period, will be barred. Accordingly, it is this 19th day of April, 1973,

Ordered that the motion of the defendant to dismiss be and hereby is granted and this case is dismissed.

---

1. Va.Code Ann. § 8-24 (1954).

2. D.C.Code § 12-301 (1964).