**Mrs. Nancy K. STEELE, Plaintiff,**

v.

**G. D. SEARLE & COMPANY, a corporation, et al., Defendants.**

**Civ. A. No. 4614J(R).**

United States District Court,
S. D. Mississippi,
Jackson Division.

March 22, 1977.

---

**647**

Alfred N. Crisler, William Larry Latham, Jackson, Miss., for plaintiff.

Cary E. Bufkin, Charles L. Howorth, Jr., Jackson, Miss., for defendants.

OPINION

DAN M. RUSSELL, Jr., Chief Judge.

In an opinion dated December 6, 1972, this Court considered defendant's motion, under F.R.C.P., Rule 12(b), to (1) dismiss for lack of jurisdiction over the defendant and to quash the service of process for the reason that defendant was not qualified to do business in Mississippi and was doing no business in Mississippi, and to (2) dismiss the complaint for lack of venue jurisdiction, or, alternatively, to transfer the action to a district or division where it might have been brought. Although the Judge to whom this diversity case was initially assigned found that the Court, upon removal of the cause, became vested with quasi in rem jurisdiction by virtue of Mississippi's statutory chancery attachment procedure against non-residents,[1] he declined to pass upon the question of whether or not the Court had acquired in personam jurisdiction over the defendant. Upon the renewal of defendant's motion to dismiss for lack of in

1. Section 11–31–1, et seq., Mississippi Code of 1972. Section 11–31–11 provides that if a decree be rendered without the appearance of the absent debtor, the court shall require the complainant to give security pending the appearance and answering of the non-resident within two years during which the non-resident may seek restoration of the property so attached.

personam jurisdiction over the defendant and for the reason that the action, being quasi in rem, may not be maintained against a non-resident defendant under either the due process or commerce clause of the U. S. Constitution, this Court chose "to bite the bullet". and sustained defendant's motion to dismiss. In doing so the Court disagreed with plaintiff's contentions that Mississippi statutes permitting the attachment of a non-resident's property within the state are constitutionally valid, or that jurisdiction had been acquired over the defendant's person by reason of the service of process acquired therein. The Court noted that plaintiff had attempted service of process on defendant under three Mississippi statutes, Section 1437 of the Mississippi Code of 1942, being Mississippi's long arm statute, now 13–3–57 of the Code of 1972, and under Sections 5309–230 and 5346 of the Code of 1942, now Sections 79–3–229 and 79–1–29 of the Code of 1972, respectively. This Court found that Section 13–3–57, being for the benefit of Mississippi residents, was unavailable to a non-resident plaintiff, in this action, a resident of Kansas. This ruling is supported by a Northern District of Mississippi decision in *American International Pictures, Inc., et al v. J. R. Morgan, etc.*, D.C.Miss., 371 F.Supp. 528. The Court also found that service of process sought under the other two statutes relating to service of process on foreign corporations, in this case, the defendant Searle, must be considered in the light of "minimal contacts" and "traditional notions of fair play and substantial justice". In view of the fact that both plaintiff and defendant are non-residents of the state and the fact that plaintiff's cause of action arose wholly in the State of Kansas, the Court found the defendant was not doing business in the state to the degree necessary to support service of process under any of the process statutes providing for personal service.

As to the jurisdiction acquired over the non-resident's assets in Mississippi, the Court acknowledged that Mississippi, as late as 1962, had recognized the right of a non-resident to attach such property, citing *Alabama, Tennessee & Northern R.R. Co. v. Howell,* 244 Miss. 157, 141 So.2d 242. In that case, the Mississippi Supreme Court held that an action in rem is maintainable if process were obtained on the non-resident defendant by publication, but, since the non-resident defendant was not doing business in Mississippi, no personal judgment could be rendered against it unless it entered its appearance. Notwithstanding the technical compliance with the chancery attachment process herein, this Court held that where such process was being used solely as an aid to jurisdiction (plaintiff obviously was forum shopping to take advantage of Mississippi's longer statute of limitations), and, where Mississippi had no interest in the action, it was not just or right to allow plaintiff to intrude into the courts of this state, citing from *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565, and "The Modern Utility of Quasi in Rem Jurisdiction", 76 Harvard Law Review 303, 305–306, suggesting that in the light of the emerging concept of personal jurisdiction, the quasi in rem procedure is rarely useful to plaintiffs except in cases in which the defendant ought not to be asked to defend in the forum chosen by the plaintiff. This Court then declined jurisdiction both as to the person and subject matter.

On appeal, the Fifth Circuit Court of Appeals, in its decision reported in 5 Cir., 483 F.2d 339, limited its decision solely to plaintiff's appeal of this Court' holding that valid jurisdiction was not obtained under the Mississippi attachment statutes, the Appellate Court, in reversing and remanding, finding that Mississippi law authorizes and the U. S. Constitution permits application of the jurisdictional device of attachment, citing *Alabama, Tennessee & Northern R.R. Co. v. Howell,* supra, as the controlling Mississippi law, and, as to the constitutional issue, cited *Ownby v. Morgan,* 256 U.S. 94, 41 S.Ct. 433, 65 L.Ed. 837, which disavowed the restrictions in a line of cases following *Pennoyer v. Neff,* supra, the *Ownby* court holding that a state providing for the attachment of property of foreign debtors for the benefit of their citizens, is at liberty, if not under a duty, to extend the same privi-

lege to creditors who are citizens of other states under the Full Faith and Credit Clause of Article 4 of the Constitution.

While limiting its decision to jurisdiction over the res pursuant to the state chancery attachment statutes, the Appellate Court nonetheless observed that the presence of the res within this Court's jurisdiction represents a crucial point of contact, going far toward providing the essential "minimal contacts" necessary for the constitutional assumption of personal jurisdiction, as well as mentioning other contacts defendant had with the State of Mississippi.

Following the remand, defendant moved for a summary judgment, predicated upon its defense asserted in its answer that the applicable Kansas statute of limitations bars this action in Mississippi. In an opinion dated November 24, 1976, 422 F.Supp. 560, this Court found that Mississippi courts under the state's conflicts of law rules, would apply the substantive law of the state which had the most contacts with the action, in this case, Kansas, but on procedural matters would apply the law of the forum. The Court cited Sections 142 and 143, Restatement of the Law, Second, "Conflict of Laws 2d", page 396, and Mississippi cases to the effect that, if a statute of limitations is held by the foreign state to bar the right as well as the remedy, Mississippi courts would treat the statute as substantive law and apply it accordingly. Conversely, if the statute of limitations of the foreign state were treated by its courts as procedural, Mississippi courts would apply the Mississippi statute of limitations. The Court further held that, from the cases cited in plaintiff's brief, it appears that Kansas courts have repeatedly held that its statutes of limitations, in this case a two year statute, are procedural, and, accordingly, the Mississippi six year statute of limitations was applicable. The Court also found that the Mississippi courts in construing the Mississippi "borrowing" statute, Section 15–1–65, Code of 1972, give it a narrow construction, and, inasmuch as Searle has never qualified to do business in Mississippi after the expiration of the cause of action

in Kansas, the statute would be unavailing. It is conceded that plaintiff initiated her action in the state chancery court approximately one month before the Mississippi limitations period would have expired. The Court accordingly denied defendant's motion for summary judgment.

The motion now before the Court is defendant's motion to vacate and/or reconsider the order entered on December 3, 1976, incorporating the opinion of November 24, 1976, primarily on the grounds (1) that the action is a Kansas cause of action, brought by a Kansas resident, arising out of injuries allegedly sustained in Kansas, against a defendant present in Kansas but not in Mississippi and that Mississippi has no connection with or substantial interest in this law suit, and (2) that under a proper application of Mississippi's borrowing statute, the Kansas limitations statute applies and the action is barred.

Defendant has cited *Henry v. Richardson-Merrell, Inc.*, 508 F.2d 28, and *Farrier v. May Dept. Stores Company, Inc.*, D.C.D.C., 3 Cir., 357 F.Supp. 190 wherein the traditional rule that statutes of limitation be regarded as procedural has been rejected. In *Henry*, the Third Circuit Court of Appeals, held that in diversity cases it was obliged under *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, to apply the conflicts of law principles of the forum state, in that case New Jersey. Following a 1973 New Jersey decision in *Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 305 A.2d 412, the Third Circuit in *Henry* reversed the district court's denial of summary judgment for the defendant, finding that under New Jersey law, the governmental or state interest approach to choice of law questions applies not only to choices of substantive law but also to procedural matters. In *Farrier*, a federal district court in the District of Columbia, found that in the District of Columbia conflict of laws problems are governed by the state "interest analysis" approach in which the relationship of each jurisdiction to the controversy is determined and the interest of each in the application of its own rule of law is

evaluated. In applying this "interest analysis" approach and to prevent forum shopping the court ruled that the statute of limitations of the state having the only interest in the action applied. In that case, the court found that Virginia was the only jurisdiction whose interests would be served, and the Virginia applicable statute of limitations was applied.

■ In 1969, a federal district court in *Seymour v. Parke, Davis Company*, D.C. N.H., 294 F.Supp. 1257, aff'd, 1 Cir., 423 F.2d 584, also cited by defendant and by this Court in its opinion of December 6, 1972, before *Seymour* was affirmed, had before it a motion to dismiss for failure of jurisdiction alleging that the New Hampshire "long arm" statute violated due process because "there is no rational nexus between material elements of the case and the State [of New Hampshire]". The motion was granted and the decision was affirmed. The district court cited, as persuasive, language employed by the Fifth Circuit Court of Appeals in *Curtis Publishing Co. v. Birdsong*, 5 Cir., 360 F.2d 344: "There must be a rational nexus between the fundamental events giving rise to the cause of action and the forum State which gives that State sufficient interest in the litigation before it may constitutionally compel litigants to defend in a foreign forum." This was defendant's argument in its earlier motion, with which this Court agreed and found that Searle's contacts within the State of Mississippi insufficient to support service of process under this state's long arm statute, as well as the jurisdictional device of state chancery attachment proceedings. As to the latter, the Fifth Circuit, as noted above, reversed and hinted strongly that Searle had sufficient contacts with the State of Mississippi to support in personam jurisdiction. Be that as it may, the issue now before the Court is simply whether Mississippi courts have followed the New Jersey and District of Columbia courts in expanding its conflicts of law rules to include the statute of limitations of a foreign state whose substantive law must be followed but not its procedural laws. In *Mitchell v. Craft*, Miss., 211 So.2d 509, the Mississippi

Supreme Court adopted the "center-of-gravity" or "most substantial contacts" test, similar to the "state interest" or "interest analysis" adopted by the States of New Jersey, New Hampshire and the District of Columbia in the cases noted above. There is no question but that on the facts in the case sub judice, this Court, under Mississippi's conflicts of law rules is bound to apply Kansas substantive law. *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Also see *Day and Zimmerman v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3. Yet this Court has found no Mississippi case applying, as a matter of procedural law, the statute of limitations of the foreign state under Mississippi's center-of-gravity test, where the statute of limitations has been determined to cut off the remedy but not the right. In its opinion of November 24, 1976, this Court cited *Ramsay v. Boeing Company*, 5 Cir., 432 F.2d 592, wherein it was found that, as to deaths resulting from an aircraft crash in Belgium, Belgium's pertinent limitations period cut off the right as well as the remedy. Under Mississippi's conflict of rules policy, the court applied the Belgium statute as a matter of substantive law. Put another way, a wrongful death statute of another state, usually being in derogation of common law, if it has a built-in limitation period, would be treated as substantive law. If the statute of limitations of a foreign state is held by the courts of that state to be procedural, Mississippi courts, to date have applied the law of the forum.

In *Cummings v. Cowan* (D.C.Miss.,1975), 390 F.Supp. 1251, for an action that arose in Tennessee involving Tennessee residents as plaintiffs and Mississippi residents as defendants, the Mississippi federal district court, with diversity jurisdiction, found Mississippi's borrowing statute inapplicable holding that the Mississippi Supreme Court "has consistently construed this statute to benefit only a nonresident who has moved to this state after a foreign statute of limitations has barred suit against him in another state on a cause of action which arose there". However, as this Court and the

Fifth Circuit in *Kershaw v. Sterling Drug, Inc.,* 5 Cir., 415 F.2d 1009, found, it is not enough to consider the applicability of the borrowing statute, but what Mississippi courts would do under its conflicts of law rules must also be considered. In *Cummings,* it was noted that Mississippi is governed by the "center-of-gravity" or "most substantial contacts" test laid down in *Mitchell v. Craft,* supra, and, because the action accrued in Tennessee, involving Tennessee plaintiffs, the court would apply the Tennessee substantive law. However, as the court found that Tennessee's wrongful death statute contained no built in period of limitation, the court stated that it would follow the customary Mississippi practice of applying the Mississippi six year statute of limitations.

In a 1975 decision of the Mississippi Supreme Court, *Vick v. Cochran,* Miss., 316 So.2d 242, the facts reflected that all the parties to the litigation were residents of Alabama. The accident giving rise to the action occurred in Mississippi. The defendant claimed that plaintiff's choice of a Mississippi forum was "forum shopping" and for the purpose of avoiding the Alabama statute of limitations under which plaintiff's action was barred, and to escape the effect of the Alabama "guest statute", which would also have precluded recovery. In dealing with the latter two contentions, the court concluded, under Mississippi's center-of-gravity or most substantial relationship rule, that Alabama law, including the Alabama "guest statute" should govern as to all aspects of the case excepting that (1) Mississippi rules of the road should apply to questions of alleged negligence in the actual driving of the truck, and (2) "*the period of limitations, by ancient precedent, is governed by the law of the forum.*" (Emphasis added). The court also found Mississippi's borrowing statute inapplicable as all the parties were residents of Alabama. That the court was not happy in applying the Mississippi statute of limitations is evidenced in its language on page 246:

". . . Claimant might have brought his suit in the Alabama court at any time within the period of limitations allowed by Alabama law. It would seem that to require him to have done so would have been fairer, less expensive and disruptive and more convenient, and would not have imposed upon the time of the Mississippi court or upon the taxpayers of Tishomingo County."

The Court had earlier noted, on page 245, that the doctrine of forum non conveniens has not been adopted in Mississippi, although "a persuasive argument can be made that the Mississippi nonresident motorist statute should not be used as a vehicle for bringing in a Mississippi court a case when the circumstances are such as those in the present case." The court further said: "It may be that further legislation in this area is indicated but, in its present form, *the jurisdiction of the court is not restricted by the statutes to suits by Mississippi residents.*" (Emphasis added). Although the decision does not reflect the manner in which the court acquired jurisdiction over the Alabama defendants, it is presumed that it was acquired by virtue of the Mississippi non-resident motorist statute, the use of which the court did not restrict to Mississippi residents.

This Court believes, in great part due to the congestion of the court dockets in Mississippi, that the state ultimately may adopt the argument of defendant here, that is, that Mississippi will, on facts akin to those here, find that its center-of-gravity rules applies to the statute of limitations of the state with the most interest in the litigation, particularly when it is obvious that a plaintiff has selected a Mississippi forum solely in order to use its comparatively long period of limitations for tort actions. As stated in *Farrier v. May Department Stores Company, Inc.,* supra, page 191:

". . . Furthermore, to permit a plaintiff who is barred from bringing an action in the state where she and the defendant reside, and where the tort took place, to bring an action in any forum whose statute of limitations would allow the suit would thwart any reasonable expectations of the parties as to the applica-

ble law and would encourage the practice of 'forum shopping'."

As this Court has been unable to find any Mississippi decision applying Mississippi's borrowing statute in favor of a foreign corporation which has not qualified to do business in the state after a cause of action against it has expired elsewhere or a Mississippi decision which has, under Mississippi conflicts of rules utilized a procedural statute of limitations of another state, this Court must decline to alter or vacate its order of December 3, 1976, incorporating therein its opinion of November 24, 1976.

The Court will, however, upon application by the defendant, incorporate in the order to be rendered herein the right of the defendant to an interlocutory appeal as prescribed in 28 U.S.C. # 1292(b).

An appropriate order may be submitted within the time permitted by the local rules of the Court.