ORRICK, District Judge:
In 1976 appellant, Richard C. Ivey, was discharged from employment by the University of Alaska and by Inupiat University. He subsequently filed suit under the Civil Rights Act for back pay and reinstatement claiming that he was terminated because of his efforts to desegregate the schools and uncover corruption. The trial court denied appellant’s request for ap *268 pointed counsel and dismissed two named defendants. This is an appeal from those two rulings. We affirm.
I.
During the 1975-76 academic year appellant was a director of vocational classes at the Barrow Extension of the University of Alaska located in the North Slope Borough service area, and at Inupiat University, a private institution also located in Barrow. In 1976 an investigation conducted by the Alaska Commission on Postsecondary Education revealed that he was not teaching courses which he purported to teach and that students had been given credit for attending those courses. Appellant was suspended and then terminated by the University of Alaska and the Inupiat Council on Postsecondary Education, appellees herein. Criminal charges were filed and appellant was convicted by a jury in an Alaskan court on 26 felony counts of forgery and obtaining property by false pretenses. This conviction is currently being appealed in the Alaska appellate courts.
Appellant filed the present action pro se under 42 U.S.C. §§ 1981, 1983, 1985(3), and 2000e-(2)(a)(2) seeking back pay, reinstatement, and to enjoin racial discrimination in the operation of postsecondary education in the North Slope Borough service area. Named defendants include the Board of Regents of the University of Alaska, the Alaska Commission on Postsecondary Education, the Inupiat Council on Postsecondary education, the North Slope Borough (a county-type municipal corporation), and Eben Hopson, the mayor of the Borough. Appellant filed suit individually and on behalf of a class alleging that appellees acted in concert to racially segregate employment, attendance, and instruction within the school system, and that he was terminated because he attempted to desegregate the schools. No class was ever certified. On June 12, 1979, the district court denied appellant’s motion for appointment of counsel and granted the motions of Eben Hop-son and the North Slope Borough (“the Borough defendants”) for dismissal for failure to state a claim.
II.
The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Johnson v. Wells, 566 F.2d 1016 (5th Cir. 1978); Kennedy v. H & M Landing, Inc., 529 F.2d 987 (9th Cir. 1976). See also Keker v. Procunier, 398 F.Supp. 756, 766 (E.D.Cal.1975).
The first amended complaint in the instant case alleges that North Slope Borough provided large amounts of money in financial support to Inupiat University and otherwise intervened in the University’s operations and control. It additionally alleges that the school system became racially segregated as a result of the illegal actions of all the defendants. The complaint, however, is devoid of specific factual allegations showing the Borough defendants’ participation in the alleged discriminatory employment practice. The general assertion that a municipality gives monetary support or intervenes in the operations of a separate educational institution with no showing of a direct connection between the municipality’s actions and the alleged discrimination is insufficient to state a claim under §§ 1981,1983,1985(3) or 2000e. See, e.g., United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844 (4th Cir. 1979); Daughtry v. Arlington County, Virginia, 490 F.Supp. 307 (D.D.C.1980). Because appellant’s allegations were not supported by reference to any specific actions, practices, or policies of the Borough defendants, the complaint was properly dismissed as to them. Additionally, the court’s failure to provide appellant with reasons for granting the defendants’ motion to dismiss the amended complaint was not error.
*269 Appellant sought the appointment of counsel on his behalf in the trial court under 28 U.S.C. § 1915(d) and under 42 U.S.C. § 2000e-5(f)(l), but relies on appeal only upon § 2000e-5(f)(l), which authorizes appointment of counsel “in such circumstances as the court may deem just.” At oral argument the question of whether a denial of a motion to appoint counsel is an appealable order under 28 U.S.C. § 1291 was raised, but the parties were unable to shed any light upon the issue. Subsequent to argument, however, the Ninth Circuit issued its opinion in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981), which holds such denials to be appealable under the collateral order exception to the final judgment rule set out in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The trial court’s refusal to appoint counsel in this case is, therefore, an appeal-able interlocutory order which this court may properly review.
There is no constitutional right to appointed counsel for employment discrimination claims, Moore v. Sun-Beam Corp., 459 F.2d 811 (5th Cir. 1977), and the trial court’s discretion under § 2000e-5(f)(1) in determining whether counsel should be appointed is broad, the appellate court’s review being limited to the question of whether the trial court abused its discretion. Bradshaw, supra, 662 F.2d at 1318. Three factors are relevant to the trial court’s determination whether to appoint counsel: (1) the plaintiff’s financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff’s claim. Caston v. Sears, Roebuck & Co., 556 F.2d 1305 (5th Cir. 1977). Plaintiff in this case clearly satisfied the financial requisites to appointment of counsel, for the district court permitted him to proceed in forma pauperis, which requires a greater showing of indigency than is required for appointment of counsel. Id. at 1309. The record also reveals that plaintiff contacted ten attorneys who refused to handle the case, thus demonstrating that he was unable to secure counsel for appointment. See Bradshaw, supra, 662 F.2d at 1319. Thus, although the trial judge never articulated the reasons behind his denial of plaintiff’s motion to appoint counsel, he must have based his decision upon a determination that plaintiff’s case lacked sufficient merit to warrant the appointment by the court of counsel. In light of appellant’s conviction in the Alaska courts of twenty-six felony counts of forgery and obtaining money by false pretenses in connection with his employment duties, it is impossible for this court to say that the trial court abused its discretion in determining the plaintiff’s job discrimination claims were without merit. The trial court’s failure to appoint counsel for plaintiff was not, therefore, an abuse of its discretion.
AFFIRMED.