**Jonathan FIELDMAN, a Minor, By and Through his Mother and Next Friend, Susan S. FIELDMAN, Plaintiff,**

**v.**

**ROPER CORPORATION and Sears, Roebuck and Company, Defendants.**

**Civ. A. No. J82–538(R).**

United States District Court, S.D. Mississippi, Jackson Division.

June 22, 1984.

William Larry Latham, Jackson, Miss., for plaintiff.

Thomas W. Tardy, III, Barry S. Zirulnik, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

DAN M. RUSSELL, District Judge.

This cause is presently before the Court on the defendants' motion to dismiss. The plaintiff (Fieldman), currently a minor resident of California, was injured on July 4, 1972, in Wichita, Kansas, by a lawn mower manufactured by Roper Corporation and distributed by Sears, Roebuck and Company. Roper Corporation is a Delaware corporation qualified to do business in Mississippi. The Mississippi statute of limitations permits suit within 6 years from the date of injury; therefore, if the Mississippi statute of limitations controls, plaintiff's action is timely brought.

The defendants object to the applicability of the Mississippi 6 year statute and argue that the Kansas tolling statute for legally disabled persons is a statute of substantive law and thereby controls. Should the Kansas prescription statute be held applicable, the action must be dismissed. The sole question before this Court is whether the Kansas tolling statute for persons under "legal disability", *Kan.Stat.Ann.* § 60–515(a) (1983),[1] is a statute of substantive rather than procedural law thereby time barring the present action.

The issue presents itself as one of first impression to be decided by this Court. No decisions of the Kansas Supreme Court bearing directly upon this issue has been found by this Court nor cited by counsel. Such being the situation, this Court must exercise its best judgment as to how the Kansas Supreme Court would determine this proposition.

■■■ Mississippi treats statutes of limitations as procedural and enforces the Mississippi limitation periods and not those of foreign jurisdictions. *Cummings v. Cowan*, 390 F.Supp. 1251, 1254 (N.D.Miss.1975).

1. 60–515. Persons under legal disability.
   (a) Effect. If any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued, or at any time during the period the statute of limitations is running, be within the age of eighteen (18) years, or an incapacitated person, or imprisoned for a term less than his or her natural life, such person shall be entitled to bring such action within one (1) year after such disability shall be removed, but no such action shall be commenced by or on behalf of any person under the disabilities specified after more than eight (8) years beyond the time of the act giving rise to the cause of action.

This is in accordance with the general rule with respect to limitation of actions in that the law of the forum governs. *Schrieber v. Allis Chalmers Corp.*, 611 F.2d 790 (10th Cir.1979), *Leonard v. Kleitz*, 155 Kan. 626, 127 P.2d 421 (1942). "If the statute of limitations of a foreign state is held by the courts of that state to be procedural, Mississippi courts, to date have applied the law of the forum." *Steele v. G.D. Searle and Co.*, 428 F.Supp. 646, 650 (S.D. Miss.1977).

The exception to the above traditional rule occurs when a statute creates a right of action and simultaneously provides for a time within which a suit must be brought. *Bethlehem Steel Co. v. Payne*, 183 So.2d 912 (Miss.1966). This rule has undergone a broader transition as to hold a Mississippi Court bound by a foreign prescription statute "whenever the prescription statute conditions the existence of the right of action, rather than merely the pursuit of the remedy, in such a way as to extinguish the right of action after the specified period has elapsed, regardless of whether the prescription is ' "built in" ' to a statute creating the right of action." *Ramsay v. Boeing Company*, 432 F.2d 592, 597 (5th Cir. 1970).

The abstract semmantical difference between barring a "right of action" or barring merely a "remedy" can be best understood by turning attention to the United States Supreme Court case of *Davis v. Miller*, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed.2d 1067 (1904) on which *Ramsay v. Boeing Co., supra,* was based. In *Davis,* pp. 453–454, 24 S.Ct. p. 694, the Court stated that a limitation statute may be substantive and may even be in a different statute, "provided it was directed to the newly created liability so specifically as to warrant saying it qualified the right." In other words, there must be a statutorily created right as well as a condition as to time in which a cause of action under that right may be brought.

The Kansas tolling statute, *Kan.Stat. Ann.* § 60–515(a) (1983), fails to meet this standard. No newly created liability is either specifically provided for or directed to. Rather, § 60–515(a) operates "merely to toll the statute of limitations under stated circumstances." *Lewis v. Shuck,* 5 Kan. App.2d 649, 623 P.2d 520, 523 (1983). As a "mere tolling statute" to Kansas' general statute of limitations, *Kan.Stat.Ann.* § 60–513 (1983) [2], all questions of interpretation should be considered *in pari materia* for comparison and construction.

■ The rule of *in pari materia* is a logical extension of the general principle that whenever a legislative body passes a new statute, it does so aware of all previous statutes on the same subject. *Erlenbaugh v. United States,* 409 U.S. 239, 244, 93 S.Ct. 477, 480, 34 L.Ed.2d 446 (1972), *Clark v. Murray* 141 Kan. 533, 41 P.2d 1042 (1935). Any new enactment of a fragmentary nature on the same subject should be construed as "intended to fit into the existing system and to be carried into effect conformably to it, except as a different purpose is plainly shown." *United States v. Jefferson Electric Manufacturing Co.,* 291 U.S. 386, 396, 54 S.Ct. 443, 447, 78 L.Ed. 859 (1933).

At no time has Kansas' general statute of limitation been held to be substantive. Kansas state courts, as well as Federal courts within our own circuit, have repeatedly held the Kansas prescription statute to be procedural in nature. *Schreiber v. Allis Chalmers Corp.,* 611 F.2d 790, 794 (5th Cir.1979), *Steele v. G.D. Searle and Co.,* 428 F.Supp. 646, 649 (S.D.Miss.1977), *Steele v. G.D. Searle and Co.,* 422 F.Supp. 560, 563 (S.D.Miss.1976), *Valentine v. Cunningham,* 198 Kan. 313, 424 P.2d 528 (1967), *Murray v. Modoc State Bank,* 181 Kan. 642, 313 P.2d 304 (1957). To recognize the general statute of limitations as procedural and yet hold that the tolling statute to the general statute is substantive would circumvent apparent legislative

---

**2.** 60–513. Actions limited to two years.
   (a) The following actions shall be brought within the two (2) years: ...

(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated. ...

intent and logical progression since the two statutes must conform for effective application.

Had the Kansas legislature intended to create two different classes of individuals, one of non-disabled adults to be governed by the lex fori, and the other of infants, incapacitated, and incarcerated to be governed by substantive state law, the specific statutory standards and language would have been provided.

■ In the absence of statutory language and precedent to the contrary, this Court finds that § 60–515(a) merely serves to toll the Kansas general statute of limitations necessitating a similar interpretation concerning its procedural effect. Since this Court finds *Kan.Stat.Ann.* § 60–515(a) (1983) to be procedural, the action is not time barred and the motion to dismiss will be denied.

An order in accordance with the opinion of this Court shall be provided as set forth in the Local Rules.